Dennis FREEDMAN, et al.

v.

ARISTA RECORDS, INC.

Donna GALLAGHER

v.

ARISTA RECORDS, INC.

Civ. A. Nos. 90–7542, 91–0716.

United States District Court,
E.D. Pennsylvania.

June 7, 1991.

---

Frances M. Visco, Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, Pa., Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, Pa., for plaintiffs Freedman and Walick.

M. Kelly Tillery, Leonard Tillery & Davison, Philadelphia, Pa., Irving Scher, Helene D. Jaffe, Bruce A. Colbath, Weil, Gotshal & Manges, New York City, L. Peter Parcher, Steven Hayes, William F. Fitzgerald, Parcher & Hayes, New York City, for defendant Arista Records, Inc.

Jay S. Cohen, Law Offices of Jay S. Cohen, John Philip McCarthy, Law Offices of John Philip McCarthy, Philadelphia, Pa., for plaintiff Gallagher.

## MEMORANDUM

GILES, District Judge.

Plaintiffs sue Arista Records, Inc. ("Arista") under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(a), (c) and (d) and for common law fraud, negligent misrepresentation, violation of the state consumer fraud statutes and breach of warranty. They move separately for class certification.

## BACKGROUND

Plaintiffs sue Arista for its role in producing and marketing the members of the singing group Milli Vanilli, Fabrice Morvan and Rob Pilatus and their album[1] "Girl You Know Its True." On November 19, 1990 it was revealed that Morvan and Pilatus did not in fact sing on the album Arista released in their name of which they sold 7,000,000 copies and for which they won a

---

1. The term "album" in this opinion is intended as an all encompassing term, including the record, compact disc and cassette.

Grammy Award on February 21, 1989 for the best new artists category. Plaintiffs claim that because Milli Vanilli won a Grammy Award, their album was sold at a higher price than it would have been if the duo had not won the award.

The purported class for certification is as follows:

All persons in the United States, its territories and possessions who purchased Milli Vanilli recordings prior to November 15, 1990, which purchases were effected by the wrongdoing alleged in plaintiff's complaint.

The substance of the complaints are that Arista represented fraudulently that Morvan and Pilatus actually sang the songs on the album and that they won the Grammy Award meritoriously. They sue under RICO, common law fraud, negligent misrepresentation, breach of warranty and violation of state consumer protection laws. As part of their prayer for relief, they request that they receive treble damages under RICO, a declaration of the violation of the state statutes where class members reside and damages allowable under those statutes and injunctive relief.

■■■ Plaintiffs move for certification pursuant to Fed.R.Civ.P. 23(a), (b)(2) or (b)(3), which provide:

(a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.

Plaintiffs bear the burden of proving that the class should be certified. *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974). To succeed in their motion for class certification, plaintiffs must meet all three requirements of Rule 23(a) and the requirements of one of either Rule 23(b)(1), (2) or (3). *Bogus v. American Speech & Hearing Ass'n*, 582 F.2d 277, 289 (3d Cir.1978). In determining whether a class should be certified, the court may not consider the merits of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), *citing Miller v. Mackey International*, 452 F.2d 424, 427 (5th Cir.1971).

Plaintiffs argue that all the elements of Rule 23(a) are met, that the injunctive claims mandate certification under Rule 23(b)(2), and that class certification under Rule 23(b)(3) is appropriate.

On the other hand, defendant argues that individual questions of fact and law preclude certification. Stating that nowhere on the outer covering of the album package do the names of Morvan and Pilatus appear, it avers that plaintiffs have assumed incorrectly that 7,000,000 persons purchased albums because Morvan and Pilatus were perceived as the actual singers. Defendants submit that individual testimony of each class member would be necessary to determine on what basis he or she made the purchase because the gravamen

of the complaint is fraud. Essential to the claim of fraud is proof of reliance which may vary greatly among purchasers. Defendant has shown through discovery that some purchasers, having enjoyed the music when heard on the radio, made a determination that they wanted to own the album without knowing anything about the vocalists. Thus, defendant offers that their decision to purchase could not have been based on the perceived fact that Pilatus and Morvan were the persons who sang the songs they enjoyed.

Plaintiffs' claim of injury does rest on the assertion that the purported purchaser class made their album purchases typically because they believed Pilatus and Morvan personally sang the songs contained therein and won the Grammy Award for their album singing performance.

## ANALYSIS

■ Under Rule 23(a)(1) the proposed class must be so numerous that joinder is not feasible. Here, plaintiffs attempt to have a class certified that includes some 7,000,000 purchasers. While the Rule suggests no number at which joinder is impracticable, it is safe to assume that 7,000,000 people cannot be joined practically to one litigation. *Dirks v. Clayton Brokerage Co.*, 105 F.R.D. 125, 131 (D.Minn.1985); *Stavrides v. Mellon Bank N.A.*, 69 F.R.D. 424, 429 (W.D.Pa.1975).

Subsection (a)(2) requires that there be questions of law and fact common to the class. This requirement is less stringent than that of subsection (b)(3), which requires that common questions of law and fact predominate over those affecting individual class members. *McMahon Books, Inc. v. Willow Grove Associates*, 108 F.R.D. 32, 35 (E.D.Pa.1985), *citing In re School Asbestos*, 789 F.2d 996, 1110 (3d Cir.), *cert. den.*, 479 U.S. 915, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). Because Arista does not argue directly that plaintiffs have not met this requirement and because the requirement is not a stringent one, the court will not deny certification on this ground.

According to Rule 23(a)(3), the claims of the class representative(s) must be "typical" of the entire class. This does not mean that the claims must be identical. *Gruber v. Price Waterhouse*, 117 F.R.D. 75, 79 (E.D.Pa.1987). Rather, the typicality requirement requires the court to ask whether "the named plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Weiss v. York Hospital*, 745 F.2d 786, 809 n. 36 (3d Cir.1984), *cert. den.*, 470 U.S. 1060, 105 S.Ct. 1777, 84 L.Ed.2d 836 (1985).

"To a large extent, [Rule 23(a)(3) ] overlaps the requirements that the named representatives adequately represent the class, that there be common questions of law and fact, that such questions predominate, and that the class action be a superior means of resolution. Nevertheless, requiring typicality permits the court to assess whether the class representatives themselves present those common issues of law and fact that justify class treatment, thereby tending to assure that the absent class members will be adequately represented." *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir.), *cert. den. Wasserstrom v. Eisenberg*, 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985).

■ This requirement is met if plaintiffs' claims arise from the same event or course of conduct on which the class claims are based and are based on the same legal theories. *Zeffiro v. First Pennsylvania Banking & Trust Co.*, 96 F.R.D. 567 (E.D.Pa.1983); *Cumberland Farms, Inc. v. Browning Ferris Industries, Inc.*, 120 F.R.D. 642, 646 (E.D.Pa.1988). Thus, if there is an interrelationship between the claims of the class and that of the representative, the requirement is met. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Like the requirement that there be common issues of law and fact, the typicality requirement is not a stringent one. *Zlotnick v. Tie Communications, Inc.*, 123 F.R.D. 189, 193 (E.D.Pa.

1988). Because the claims of the class are related to those of the plaintiffs' the motion will not be denied on this ground.

Additionally, the motion cannot be denied on the basis of subsection (a)(4), which requires that plaintiffs represent the class fairly and adequately. The basic guidelines of this subsection are that the court is assured that plaintiffs will prosecute the matter rigorously and that no conflicts present themselves. *Falcon*, 457 U.S. at 157, 102 S.Ct. at 2370. Arista has not alleged that these guidelines are not met in this case and, therefore, in the absence of any indications to the contrary, the court deems the requirement satisfied.

However, plaintiffs must still meet the requirements of one of the three subsections of Rule 23(b). Arista's opposition to the motion for class certification rests on its belief that plaintiffs fail to meet the requirements of Rule 23(b)(3). Thus, they argue that individual questions of law and fact predominate over those of the class.

The predicate acts of plaintiffs' RICO claims are based on allegations of fraud, and they also allege common law fraud actions. Fraud requires inducement to act in reliance on the conduct of which the plaintiffs complain. *See Strain v. Nutrisystem, Inc.*, No. 90 2772, slip-op, 1990 WL 209325 (E.D.Pa. December 12, 1990). Here, the question of reliance is highly individualized. What causes a person to respond positively to a performance is a complex matter, especially in these modern times where popular musical performances involve visual as well as auditory stimulation. One's response to art is personal and as such is not susceptible to a class based determination of inducement as in securities fraud cases. *See Eisenberg*, 766 F.2d at 786. Therefore, the motion cannot be granted under Rule 23(b)(3).

Alternatively, plaintiffs offer subsection (b)(2) as providing ground for certification of the class. Plaintiffs aver that the requirements of this subdivision are met because final injunctive relief for the class as a whole is appropriate here. They seek an order permanently enjoining Arista from representing fraudulently or misrepresenting that an individual or group of individuals is singing on an album if, in fact, it is not. Arista counters that plaintiffs seek primarily monetary damages and not injunctive relief.

The Notes of the Advisory Committee to the 1966 amendments to Rule 23 state that "[the] subdivision [23(b)(2)] does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." In *Eisen, supra*, the Supreme Court denied certification of a class under this subsection because the primary claim was for damages. *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 564 (2nd Cir.1986). In antitrust cases where plaintiffs seek treble damages courts have found that monetary damages are the primary relief sought. *In re Sugar Industry Antitrust Litigation*, 73 F.R.D. 322, 342 (E.D.Pa.1976), *citing Sommers v. Abraham Lincoln Federal Savings & Loan Ass'n*, 66 F.R.D. 581, 589–90 (E.D.Pa.1975), *Bogosian v. Gulf Oil Corp.*, 62 F.R.D. 124, 134 (E.D.Pa.1973) and *Albertson's, Inc. v. Amalgamated Sugar Co.*, 62 F.R.D. 43, 49 (D.Utah 1973), *modified on other grounds* 503 F.2d 459 (10th Cir.1974).

Here, plaintiffs seek treble damages under RICO and, therefore, this court finds that they seek primarily to recover monetary damages and that their demand for injunctive relief is secondary. Plaintiff Gallagher admits as much in her deposition. *See* Reply Memorandum or Law in Support of Plaintiffs' Motion for Class Certification at 4. Accordingly, plaintiffs' motions for class certification are DENIED.