**Lenore Deutch SINGER, on her own behalf and on behalf of all class members similarly situated, Plaintiff,**

v.

**AT & T CORPORATION, a foreign corporation, Defendant.**

No. 95–2738–CIV–KEHOE.

United States District Court, S.D. Florida, Miami Division.

March 4, 1998.

Michael A. Hanzman, Michael Elliot Criden, Mark Jurgen Heise, Hanzman, Criden, Korge, Chaykin, Ponce & Heis, Miami, FL, for Lenore Deutch Singer, on her own behalf and behalf of all class members similarly.

Todd R. Legon, Wallace, Bauman, Legon, Fodiman & Shannon, Miami, FL, for AT & T Corp., a foreign, corporation.

## ORDER

KEHOE, Senior District Judge.

**FOR THE REASONS** stated in the Report and Recommendation of the United States Magistrate Judge, and upon an independent review of the file, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Class Certification [Docket No. 12] is **GRANTED.** It is

**FURTHER ORDERED AND ADJUDGED** that all pending motions that have not heretofore been ruled upon, except for the Defendant's Motion for Protective Order to Prohibit the Deposition of John D. Zeglls, Esq. [Docket No. 136], are **DENIED** as *moot.*

## REPORT AND RECOMMENDATION

GARBER, United States Magistrate Judge.

THIS MATTER is before this Court on Plaintiff's Motion for Class Certification. An Order of Reference was entered by United States District Judge Joan Lenard on April 12, 1996. The case was subsequently transferred to United States District Judge Kehoe. This Court has reviewed the numerous submissions by the parties and held a lengthy hearing on September 30, 1997.

## ALLEGED FACTS

AT & T has for many years, upon customer's request, installed or connected two or more phone lines in homes and businesses throughout the United States. In order to install two or more phone lines to multiple telephone sets at a home or office, AT & T would utilize what is known as "key common

equipment –1st 4 lines" ("key equipment").[1] Key equipment made it possible to transmit and receive interstate telephone transmissions on more than one line connected to more than one telephone at a single location. One piece of key equipment is all that was necessary for the first four lines at a home or business. Additional key equipment was required when a customer desired more than four lines connected to multiple telephones at a single location.

Plaintiff Lenore Deutch Singer ("Singer") had two lines installed in her home utilizing a single key equipment unit. Singer received two separate bills for the two lines installed in her home. Both bills reflected monthly charges for the leasing of key equipment. In essence, Singer was allegedly billed twice for the same equipment.

Singer instituted this class action on her behalf and on behalf of all persons and entities overcharged for key equipment by AT & T after January 1, 1984.[2] Singer alleges that AT & T is liable for violations of the RICO Act, breach of contract, unjust enrichment and breach of the duty of good faith and fair dealing.

On August 21, 1996, this Court deferred ruling on Plaintiff's Motion for Class Certification, and allowed discovery limited solely to the certification issues. As a result of such discovery, AT & T produced spreadsheets from its computerized billing system identifying customers that were billed more than once per key equipment at the same installation location address in a single billing cycle. The spreadsheets provided a list of 30,000 past and present AT & T customers who were billed twice for key equipment at the same installation location address in a single billing cycle.

## DISCUSSION

Class actions serve three essential purposes: (1) to facilitate judicial economy

---

1. Due to advancements in technology, key equipment, for the most part, is no longer utilized. However, formerly installed key equipment is still in use in many homes and businesses across the United States.

2. In the Spring of 1993, Singer complained to AT & T about the double billing. In response, AT & T issued two checks; one for $2,957.19 and

another for $20.30. Singer is maintaining this action even though she received the checks from AT & T because there is no indication that the refund she received is complete payment for all of the overcharges, and the refunds do not include interest or profits earned by AT & T on the money that was improperly charged and held.

by the avoidance of multiple suits on the same subject matter; (2) to provide a feasible means for asserting the rights of those who would have no realistic day in court if a class action were not available; and (3) to deter inconsistent results, assuring a uniform, singular determination of rights and liabilities. *American Pipe and Constr., Co. v. Utah,* 414 U.S. 538, 550, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *First Federal of Michigan v. Barrow,* 878 F.2d 912, 919 (6th Cir. 1989). Class certification is strictly a procedural matter and the merits of the claims at stake are not to be considered when determining the propriety of the class action vehicle. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

■ "Under Federal Rule of Civil Procedure 23, a class action determination is left to the sound discretion of the district court. The district court's decision is reversible only when it abuses its discretion." *Jaffree v. Wallace,* 705 F.2d 1526, 1536 (11th Cir.1983); *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); *Lawler v. Alexander,* 698 F.2d 439, 441 (11th Cir.1983) In reaching the class certification decision, the district court may consider both the allegations of the complaint and the supplemental evidentiary submissions of the parties. *Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir.1975). Doubts regarding the propriety of class certification should be resolved in favor of certification. 4 H. NEWBERG & A. CONTE, NEWBERG ON CLASS ACTIONS § 7540 (3d ed.1992); *Esplin v. Hirschi,* 402 F.2d 94, 99 (10th Cir.1968) Class certification is conditional only, and if it appears through discovery that certification was improvidently granted, options such as decertification or revised certification are always available to the district court. Fed. R.Civ.P. 23(c)(1).

## I. Class Definition.

■ Rule 23 governs the certification process. Before considering the requirements of Rule 23, however, a court must determine whether a class exists that can adequately be defined. *DeBremaecker v. Short,* 433 F.2d

733, 734 (5th Cir.1970). Establishing an early definition of the class serves two functions: (1) it enables the court to determine whether the case is suitable for certification; and (2) it "insures that those actually harmed by defendants' wrongful conduct will be recipients of the relief eventually provided." *Simer v. Rios,* 661 F.2d 655, 670 (7th Cir.1981).

It is generally acknowledged that a class must be capable of ready identification. *DeBremaecker,* 433 F.2d at 734. Class definition is of critical importance because it identifies the persons who are entitled to relief, bound by a final judgment and entitled to notice in a Rule 23(b)(3) action. MANUAL FOR COMPLEX LITIGATION, THIRD § 30.14 (1995). Thus, class definition is an implicit requirement which must be met before a Rule 23 analysis can be undertaken by the district court. *In re A.H. Robins Co.,* 880 F.2d 709, 728 (4th Cir.1989); *Joseph v. General Motors Corp.,* 109 F.R.D. 635, 638 (D.Colo.1986).

■ The definition requirement is problematic. "Not only is Rule 23 silent as to what constitutes a class, but the courts have not attempted to provide an exact definition of the term." 7A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1760 (2d ed.1986). The only requirement is that the description of the class be sufficiently definite to enable the court to determine if a particular individual is a member of the proposed class. *Pottinger v. City of Miami,* 720 F.Supp. 955, 957 (S.D.Fla.1989). While the definition of the class must not be vague or difficult to apply, the implicit definition requirement does not require an overly strict degree of certainty and is to be liberally applied. *Georgia Ass'n of Retarded Citizens v. McDaniel,* 716 F.2d 1565, 1571 n. 3 (11th Cir.1983), vacated on other grounds, 468 U.S. 1213, 104 S.Ct. 3581, 82 L.Ed.2d 880 (1984).

■ AT & T ferociously opposes class certification on the basis that Singer cannot adequately define a class. Singer seeks certification of all lessees of key equipment throughout the United States who were billed by AT & T more than once per billing cycle for key common equipment from Janu-

ary 1, 1984 though the entry of final judgment. Singer bases her definition of the proposed class on a list produced by AT & T of at least 30,000 customers who were billed multiple times for one piece of key equipment. AT & T attacks the class definition on the basis that there are three scenarios under which customers, although charged multiple times for one key equipment board, were in actuality billed correctly.

This Court finds that Singer has adequately defined the Class. Singer has produced evidence indicating that AT & T had a nationwide uniform billing procedure of charging customers once for key equipment per physical location. Singer has defined the class pursuant to spreadsheets provided by AT & T listing customers who were billed more than once per key equipment per physical location. The mere fact that AT & T alleges that it can justify double billing some of the customers does not render the class indefinite, but is merely a defense to liability.

## II. Requirements for Class Certification.

■ Rule 23 of the Federal Rules of Civil Procedure governs the certification and maintenance of class actions. Under Rule 23(a), a plaintiff must initially satisfy four threshold requirements. The requirements are commonly known as numerosity, commonality, typicality and adequacy.[3] A plaintiff seeking to represent the class must bear the burden of establishing that all four requirements have been met. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir.1987); *Gilchrist v. Bolger*, 733 F.2d 1551 (11th Cir.1984); *Kreuzfeld v. Carnehammar*, 138 F.R.D. 594 (S.D.Fla.1991).

Once the requirements of Rule 23(a) have been satisfied, a plaintiff must then demonstrate that the action sought to be certified falls within one of the categories set forth in Rule 23(b). *Kirkpatrick*, 827 F.2d at 718. Rule 23(b)(3) provides for class certification where:

The court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
(D) the difficulties likely to be encountered in the management of a class action.

*See* Fed.R.Civ.P. 23(b)(3).

In determining whether the named plaintiffs have met their burden, the court's inquiry is limited to whether the requirements of Rule 23 have been satisfied; therefore, the court shall not consider the merits of the plaintiffs' claims. *In re Amerifirst*, 139 F.R.D. at 427; *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Nevertheless, in order to make a reasoned determination of whether Rule 23 has been satisfied, the Court may look beyond the pleadings in deciding whether to certify a class. *In re Amerifirst*, 139 F.R.D. at 427. In addition, "the interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing a class action." *Id.*; *CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 695 (S.D.Fla.1992).

### A. The Requirements of Federal Rule of Civil Procedure 23(a) are Satisfied.

### (1) The Class is Sufficiently Numerous that Joinder of All Members of the Class is Impracticable.

■ A plaintiff need not allege the exact number and identify all of the class

---

**3.** Rule 23(a) provides that:
(1) the class must be so numerous that joinder of all members is impracticable;
(2) questions of law or fact common to the class must exist;

(3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class;
(4) the representative parties must fairly and adequately protect the interest of the class.

members, but must only establish that joinder is impracticable through some evidence or reasonable estimate of the number of purported class members. *Kilgo v. Bowman Transportation, Inc.,* 789 F.2d 859, 878 (11th Cir.1986); *Anderson v. Bank of South, N.A.,* 118 F.R.D. 136, 145 (M.D.Fla.1987); *Zeidman v. J.Ray McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir.1981). A close question should be resolved in favor of a finding of numerosity. *Kreuzfeld,* 138 F.R.D. at 594. Even a mere inconvenience in being able to join all of the persons makes class litigation desirable. *In re: Alexander Grant & Co. Litigation,* 110 F.R.D. 528 (S.D.Fla.1986). "There exists no definite standard as to the size a given class must attain in order to satisfy Rule 23(a)(1)." *Tapken v. Brown,* 1992 U.S. Dist. LEXIS 11744, Fed. Sec. L. Rep. (CCH) ¶ 96,805 (S.D.Fla.1992). There are no minimum or maximum requirements for class certification. *See Armstead v. Pingree,* 629 F.Supp. 273, 279 (M.D.Fla. 1986)(class of 25 certified.).

█ Singer relies on the spreadsheets produced by AT & T that contain 30,000 customers who were billed twice for one unit of key equipment at a single site. AT & T contends that the spreadsheets do not establish numerosity because some of the customers contained therein were correctly billed.

AT & T's argument does not defeat the presence of numerosity. The spreadsheets contain the names of approximately 30,000 customers who live throughout the United States. The fact that the potential class members are geographically scattered indicates that joinder is not only impracticable, but in all likelihood impossible. Additionally, whether or not AT & T can justify double billing some of the customers addresses the merits of the case and is irrelevant at this juncture. Singer has demonstrated that a significant number of customers were billed twice for rental of one unit of key equipment. Additionally, Singer has also presented evidence showing that some customers were wrongfully over billed. Consequently, it is difficult to imagine that AT & T could justify multiple billings of 30,000 customers. Moreover, even if AT & T could justify a majority of the over billings, a sufficient number of claimants in geographically distinct locations would remain thereby satisfying numerosity. *See Philadelphia Electric Co. v. Anaconda American Brass Co.,* 43 F.R.D. 452, 462 (E.D.Pa.1968) (certify a class with 75 members); *Armstead,* 629 F.Supp. at 279 (M.D.Fla.1986) (class of 25 certified).

**(2) Commonality of Questions of Law and Fact.**

█ The second prerequisite of Rule 23(a) requires that there be questions of law or fact common to the class.[4] This prerequisite does not require that all of the questions of law or fact raised by the case be common to all the plaintiffs. *Haitian Refugee Center, Inc. v. Nelson,* 694 F.Supp. 864, 877 (S.D.Fla. 1988). Furthermore, Rule 23(a)(2) does not establish any quantitative or qualitative test of commonality. *See* 7A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K, KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1763 at p.198 (1986) (all that can be divined from the rule itself is that the use of the plural "questions" suggests that more than one issue of law or fact must be common to members of the class).

█ AT & T attacks commonality on two grounds. First, AT & T asserts that the members of the class will be subject to individualized defenses on the grounds that there are at least three different scenarios under which AT & T could have properly billed a customer multiple times for one piece of key equipment at a single location. Second, AT & T asserts that commonality does not exist because the standard billing structure it utilized resulted from a conversion process by

---

**4.** The Court recognizes the similarities between the common-issue requirement in 23(a)(2) and the predominating common issue requirement in 23(b)(3). A few courts do not draw a distinction between the two requirements in actions brought pursuant to 23(b)(3) because 23(a)(2) is normally satisfied anytime courts find that the more stringent standard in 23(b)(3) has been met. *See* 7A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1763 at p. 227 (1986). Despite the similarities between the two elements, this Court will analyze them separately.

which billing in fifty billing jurisdictions were unified into a national billing structure.

Many courts have held that where a common scheme of deceptive conduct is alleged, common questions of law and/or fact will exist. *See Green v. Wolf Corporation,* 406 F.2d 291, 298 (2nd Cir.1968); *See Powers v. Stuart–James Co., Inc.,* 707 F.Supp. 499, 502 (M.D.Fla.1989); *Haitian Refugee Center, Inc. v. Nelson,* 694 F.Supp. at 877; *Allapatah Services, Inc. v. Exxon,* Case No. 91–0986–CIV–KEHOE (August 10, 1994)(Magistrate Judge Stephen Brown); *In re: Amerifirst Securities Litigation,* 139 F.R.D. 423 (S.D.Fla.1991); *Haitian Refugee Center, Inc. v. Nelson,* 694 F.Supp. at 867. *But see Turner v. First Wisconsin Mortgage Trust, et al.,* 454 F.Supp. 899 (E.D.Wis.1978) (the mere allegation of a common course of misconduct, without reference in the complaint to the particularities of the misconduct, is insufficient to satisfy the commonality requirement). Singer clearly alleges a common scheme of fraudulent conduct. While it may be true, as noted by AT & T in its memorandums of law in opposition to Plaintiffs' Motion for Class Certification, that individualized defenses will be asserted by Defendant in this action, this fact alone is insufficient to destroy the commonality requirement. As stated above, the commonality prerequisite does not require that all of the questions of law and/or fact be common. *Cox v. American Cast Iron Pipe Co.,* 784 F.2d at 1557; *Haitian Refugee Center, Inc. v. Nelson,* 694 F.Supp. at 877; *Powers v. Stuart–James Co., Inc.,* 707 F.Supp. at 502 (holding that individual issues did not outweigh substantial common questions). Additionally, the fact that AT & T may be able to offer one of three defenses to individual claims is insufficient to destroy commonality. *See Elliott v. ITT Corp.,* 150 F.R.D. 569, 574 (N.D.Ill.1992)(holding that a class may be certified even though the initial definition includes members who have not been injured or do not wish to pursue claims against the defendant.)

This Court finds that the commonality requirement of 23(a)(2) has been met by Singer. Singer throughout her Complaint alleges that this action is the result of AT & T's standardized billing practices. Where such allegations are made, common questions are usually found. *Green v. Wolf Corporation,* 406 F.2d at 298; *Kornick, et al. v. Talley, et al.,* 86 F.R.D. 715, 719–20 (N.D.Ga.1980) (allegations that corporation and its former officers and directors engaged in common course of conduct to defraud investors and that they omitted material facts from financial statements was sufficient to satisfy commonality requirement).

This Court finds that the overarching issue of whether AT & T over billed class members is a question of fact and law that is common to the class. This Court believes that the over billing issue in and of itself is sufficient to warrant a finding of commonality. However, this Court finds additional questions of law and fact that support commonality. For example, the following common issues are raised by the Complaint:

1. Whether a contract existed between AT & T and the lessors of the key equipment, and if so, whether AT & T breached the contract by over billing.

2. Whether federal RICO law is applicable to this case.

3. Whether the requirements of federal RICO have been met.

4. Whether AT & T committed fraud.

5. Whether Plaintiffs were damaged by AT & T's conduct.

6. Whether AT & T breached its duty of good faith and fair dealing as to members of the Class.

7. Whether AT & T was unjustly enriched.

Consequently, this Court finds that the commonality requirement of 23(a)(2) is met because there are a substantial number of questions of fact and law that are common to the global class. The Court does not overlook the fact that there may be some individual issues in this action. However, these individual issues do not outweigh the substantial number of common questions. The issue of common question predominance will be revisited below in the Court's analysis of Rule 23(b)(3).

### (3) Rule 23(a)(3)—Typicality.

The typicality requirement of Rule 23(a)(3) has been observed to be a redundant criterion and some courts have expressed doubt as to its utility. While some courts consider typicality synonymous with the commonality requirement, other courts equate typicality with adequacy of representation. *Alfus v. Pyramid Technology Corp.*, 764 F.Supp. 598, 606 (N.D.Cal.1991).

The Eleventh Circuit Court of Appeals has indicated that its understanding of the role of Rule 23(a)(3) is as follows:

> Although the considerations of subsections a(2), a(3), and a(4) tend to overlap, see *De La Fuente v. Stokely–Van Camp. Inc.*, 713 F.2d 225 (7th Cir.1983); 7 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1764 (1972), "subsection a(3) primarily directs the district court to focus on whether named representatives' claims have the same essential characteristics as the claims of the class at large." 713 F.2d at 232. Moreover, "[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." Id.; *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1189 (10th Cir.1975). Thus, courts have found that a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences.

*Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985).

■ "In other words, there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984). Essentially, the class representative's claim is typical of the claims of the class if his or her claim and those of the class arise from the same event or pattern or practice and are based on the same legal theory. *Id.; Sanders*, 634 F.Supp. at 1056. In essence, "a plaintiff and each member of the represented group must have an interest in prevailing on similar legal claims. Assuming such interest, particular factual differences, differences in the amount of damages claimed, or even the availability of certain defenses against a class representative may not render his or her claims atypical." *Meyer v. Citizens and Southern Nat'l Bank*, 106 F.R.D. 356, 361 (M.D.Ga.1985) (citing *Zeffiro v. First Pennsylvania Banking & Trust Co.*, 96 F.R.D. 567, 569 (E.D.Pa. 1983)). Clearly, the threshold for typicality is low and Rule 23(a)(3) criterion serves one simple purpose: to assure that the named representatives' interests are aligned with those of the class *Buford v. H & R Block, Inc.*, 168 F.R.D. 340 (S.D.Ga.1996); *Wilcox Dev. Co. v. First Interstate Bank of Oregon, N.A.*, 97 F.R.D. 440, 443–44 (D.Or.1983).

■ AT & T once again attempts to undermine certification on the basis of alleged individualized factual issues that supposedly are of such magnitude that they overwhelm the common issues. AT & T alleges that the multiplicity of individual situations under which a customer might legitimately be billed more than once per billing period defeats typicality. Additionally, AT & T argues that Singer's claims are not typical of the class because she received residential service and many of the class members were businesses. AT & T also attempt to defeat typicality based on the fact that Singer already received a partial refund.

AT & T's concerns with respect to individualized factual issues do not defeat typicality. As indicated *supra*, typicality turns solely on whether the plaintiff and the class have an interest in prevailing on similar claims. The typicality requirement does not demand factual homogeneity. Therefore, the existence of factual differences does not defeat typicality. The legal theories and basis of the claims of Singer and the members of the class are identical. Moreover, the theories of liability and the type of relief sought are the same irregardless of whether or not a customer received residential or business service. Finally, this Court notes that Singer received only a partial refund and to recover further will have to prove the same elements as customers who have not been refunded at all. This Court concludes that Singer's interests are aligned with the class and that typicality is undoubtedly satisfied.

**(4) Adequacy.**

■ Rule 23(a)(4) requires the movant to show that the representative parties will fairly and adequately protect the interest of the class. Courts traditionally hold that, in order to satisfy this requirement, it is necessary to determine: (1) that the plaintiff's attorney is qualified, experienced, and will competently and vigorously prosecute the suit; and (2) that the interest of the class representative is not antagonistic to or in conflict with other members of the class. *Griffin v. Carlin* 755 F.2d 1516, 1533 (11th Cir.1985).

■ The attorney-competence prong involves questions of whether representatives' counsel are qualified, experienced and generally able to conduct the proposed litigation. *Griffin,* 755 F.2d at 1533. The class attorney serves in "something of a position of public trust." *Piambino v. Bailey,* 757 F.2d 1112, 1144 (11th Cir.1985) The class attorney has a fiduciary duty to the court as well as to each member of the class. *In re "Agent Orange" Prod. Liab. Litig.,* 800 F.2d 14, 18 (2d Cir. 1986). Therefore, the class attorney is held to a very high standard of care during all phases of the litigation. *Piambino,* 757 F.2d at 1144. AT & T does not question the adequacy of Singer's counsel and this Court finds no reason to doubt their ability to handle this litigation in a professional and competent manner. Accordingly, this Court finds that Singer's counsel are adequate to represent the interests of the members of the class.

■ AT & T challenges Singer's ability to adequately represent the class. This challenge is based on alleged antagonist interests amongst the class. Specifically, AT & T contends that the interests of the class members are divergent because some members, like Singer, have received a partial refund not including interest, others have received partial refunds including interest and some have no refunds at all.

AT & T's arguments are without merit. Whether or not a class member received a partial refund or no refund is irrelevant to the adequacy inquiry. All of the members of the class are seeking recovery on the same grounds. The mere fact that some members

are seeking partial recovery instead of full recovery or that some members are seeking interest and others are not does result in antagonism amongst the class. Therefore, this Court finds that Singer adequately represents the interests of the class. *See Guarantee Ins. Agency Co. v. Mid–Continental Realty Corp.,* 57 F.R.D. 555, 565–66 (N.D.Ill. 1972)

**B. Rule 23(b).**

A plaintiff seeking class certification must also satisfy one of the three subsections of Rule 23(b). Singer seeks certification under subsection (3) of Rule 23(b). Under that subsection, a class may be certified if:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy. That matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

**(1) Predominance.**

■ The predominance issue focuses on the number and significance of common issues. This rule does not require a complete absence of individual issues. *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546 (11th Cir.1986). If the liability issue is common to the class, common questions are held to predominate over individual questions. *Kirkpatrick,* 827 F.2d at 725.

■ AT & T once again reiterates its position that the individualized issues are of such magnitude that the common issues cannot possibly predominate. The alleged individualized issues revolve primarily around the possible billing exceptions whereby cus-

tomers could justifiably be billed more than once for key equipment. This Court has already concluded in its discussion of commonality and typicality that the alleged existence of justifications for multiple billing do not diminish the overarching issues.

### (a) The Rico Claim.

█ The Eleventh Circuit has held that under the civil enforcement provision of RICO, when the alleged predicate act is mail or wire fraud, the plaintiff must have been a target of the scheme to defraud and must have relied to his detriment on misrepresentations in furtherance of that scheme. *Pelletier v. Zweifel,* 921 F.2d 1465 (11th Cir.1991). AT & T asserts that individual issues with respect to reliance as to the RICO claim demonstrate that certification is not appropriate. Specifically, AT & T contends that reliance will be an individual issue to be resolved on a case-by-case basis.

Courts have taken two different approaches in determining whether to certify class actions alleging RICO claims. Class certification is allowed in instances where class-wide reliance may be presumed based on a uniform written misrepresentation. *Smith v. MCI Telecommunications Corp.,* 124 F.R.D. 665 (D.Kan.1989). Courts generally decline to certify a class where a determination of reliance depends upon the subjective beliefs of the members. *See e.g., Buford v. H & R Block,* 168 F.R.D. 340 (S.D.Ga.1996); *Freedman v. Arista Records Inc.,* 137 F.R.D. 225 (E.D.Pa.1991).

█ In the instant case, AT & T implemented a nationwide billing procèdure whereby each customer would be billed once per key equipment per physical location. AT & T indicated to customers that its billing procedures, for leased equipment subsequent to the bell break-up, would be uniform. AT & T made this representation in writing via a price predictability plan and through monthly bills. This Court finds that the uniform written price representation contained in the price predictability plan and in customer's monthly bills provide a sufficient basis upon which reliance may be presumed. This Court further notes that it is not necessary to examine each class member's subjective belief. The leasing of key equipment, consisting of a box and wires, does not involve aesthetic choices. Rather, it merely involves leasing the equipment at a represented price. In other words reliance on a price predictability plan and/or the price billed. Therefore, this Court concludes that the facts of this case lend themself to a presumption of reliance on the part of the class.

### (b) Choice of Law With Respect to State Claims.

In addition to the civil RICO count, Singer has alleged various state law causes of action: breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing. AT & T maintains that the potential applicability of the laws of fifty different states precludes class treatment of Singer's state law claims. AT & T argues in the alternate that even if the applicable state laws are uniform, individual issues predominate thereby precluding certification.

█ It is well-established that consideration of choice of law issues at the class certification stage is generally premature. Many courts find that it is inappropriate to decide choice of law issues incident to a motion for class certification. *In re Kirschner Medical Corp. Sec. Litig.,* 139 F.R.D. 74, 84 (D.Md.1991). Often purported choice of law difficulties are found to be too distant and speculative. *In re Lilco Sec. Litig.,* 111 F.R.D. 663, 670–71 (E.D.N.Y.1986); *Gunter v. Ridgewood Energy Corp.,* 164 F.R.D. 391, 399 (D.N.J.1996). *But see Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1001 (D.C.Cir.1996)("Nationwide class action movants must creditably demonstrate, through an extensive analysis of state law variances, that class certification does not present insuperable obstacles.").

In the instant case, AT & T's argument that differing laws will apply to different claimants is merely rhetoric at this juncture. AT & T has failed to demonstrate that choice of law rules would mandate the application of the law of fifty states. The case upon which AT & T relies merely stands for the proposition that the forum state cannot automatically apply its law if it materially conflicts with

the law of another state and there is no apparent connection to the forum state. *Phillips Petroleum v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). AT & T has failed to demonstrate that the state claims asserted by Singer are materially different under each state's law. First and foremost, this Court believes that any such demonstration would be premature at this juncture. Secondly, prevailing case law holds that at least two of Singer's state claims, breach of contract and unjust enrichment, are universally recognized causes of action that are materially the same throughout the United States. *American Airlines v. Wolens*, 513 U.S. 219, 233, 115 S.Ct. 817, 826 n. 8, 130 L.Ed.2d 715 (1995)("contract law is not at its core diverse, nonuniform and confusing"); *Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417, 428 (D.N.M.1988)(concluding that a foreign state's law did not conflict with the forum state's law with respect to contract claims).[5] Therefore, this Court concludes that the potential application of varying state laws does not preclude class certification at this juncture.

**(2) Superiority of the Class Action.**

In addition to finding that common questions predominate, the court must also find that a class action is the superior method of adjudicating the dispute. If another available method of handling the controversy appears better suited for a particular action then the action should not be allowed to proceed under 23(b)(3). *See* CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1777 at p. 519 (1986). Subdivision (b)(3) lists four factors that the court should consider in considering the superiority issue:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the de-

sirability or undesirability of concentrating the litigation of the claims in the particular form; (D) the difficulties likely to be encountered in the management of a class action.

■ A review of the factors listed above reveals that a class action is the superior method of adjudicating this controversy. There are potentially 30,000 class members a majority of which will not, in all likelihood, pursue individual lawsuits. The amount in controversy for each individual potential class member is minimal. Additionally, this Court notes that it would be extremely costly for individuals to proceed against a large corporation such as AT & T. Finally, there is nothing to indicate that any individual members or other classes have filed suit with respect to the controversy at hand against AT & T. Therefore, there appears to be no threat of inconsistent adjudications. In fact, it would seem desirable, in light of the number of potential claimants, to concentrate this action in this forum in order to prevent the duplication of effort and possible inconsistent results. Lastly, there are no unsurmountable difficulties with managing this case as a class action. Choice of law, reliance and causation issues *may* create complications during the course of this litigation, however, the potential difficulties are no where near the magnitude of problems that could arise from 30,000 separate actions. Therefore, this Court concludes that a class action is the superior method for the adjudication of this controversy.

**RECOMMENDATION**

This Court respectfully recommends that Plaintiff's Motion for Class Certification be GRANTED.

The parties have ten (10) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable James W. Kehoe, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dug-*

---

5. AT & T once again argues that the state law claims create individualized issues that preclude class certification. A & T's argument is related

to the merits of the case and is premature at this juncture.

*ger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

