United States Court of Appeals,

Eleventh Circuit

No. 95-9565.

Ranae H. HEAVEN, on behalf of herself and all others similarly situated, Plaintiff-Counter-Defendant-Appellant-Cross-Appellee,

v.

TRUST COMPANY BANK, Defendant-Counter-Claimant,

Suntrust Bank, Atlanta, f/k/a Trust Company Bank, Defendant-Counter-Claimant-Appellee-Cross-Appellant.

Aug. 6, 1997.

Appeals from the United States District Court for the Northern District of Georgia. (No. 1:94-CV-2449-RCF), Richard C. Freeman, Judge.

Before BLACK, Circuit Judge, RONEY, Senior Circuit Judge, and BURNS[*], Senior District Judge.

BURNS, Senior District Judge:

Background

Plaintiff/Appellant/Cross-appellee Ranae Heaven ("Heaven") appeals from a judgment of the United States District Court for the Northern District of Georgia denying her motion for class certification in an action against Defendant/Appellee/Cross-appellant Trust Company Bank ("SunTrust").[1] Heaven sued SunTrust alleging violations of the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667e ("CLA") and the implementing regulations, 12 C.F.R. §§ 213.1-213.8 ("Regulation M").[2]

Heaven leased a Ford Taurus from SunTrust, signing a preprinted lease form provided by

---

[*]Honorable James M. Burns, Senior U.S. District Judge for the District of Oregon, sitting by designation.

[1]SunTrust Bank was known as Trust Company Bank when this litigation began. The change of name has no consequence in this appeal.

[2]Heaven asserted four CLA disclosure violations: (1) failure to identify express warranties; (2) failure to disclose fees and penalties for early termination of the lease; (3) failure to disclose her right to an independent appraisal of the car in the event Sunset had terminated the lease early because of her default; and (4) ineffective disclosure of the "lease charge" because the charge was calculated erroneously.

SunTrust. She entered the lease intending to use the car for consumer purposes and, in fact, used the car primarily for consumer purposes. She kept the car for the full five year term of the lease and then purchased it from SunTrust for its residual value. The total of lease payments amounted to less than $25,000. Later, she brought this action alleging that SunTrust failed to comply with the strict disclosure requirements of the CLA and Regulation M. Heaven sued for the statutory penalty and attorney fees but alleged no actual damages. She sought to certify a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3)[3].

SunTrust counterclaimed on the alternative grounds that individual class members had (a) defaulted on the terms of their lease agreements, and/or (b) made false statements in their lease applications.

The district court denied certification of the class. The court granted plaintiff's motion for summary judgment on one of her CLA claims and granted summary judgment for SunTrust on the other three claims.[4] Heaven appeals the denial of her motion for class certification. Both parties appeal the district court's summary judgment rulings.

### Standard of Review

The district court's decision whether to certify a class may only be overturned if it constitutes an abuse of discretion. *Jones v. Firestone Tire and Rubber Co., Inc.,* 977 F.2d 527 (11th Cir.1992), *cert. denied,* 508 U.S. 961, 113 S.Ct. 2932, 124 L.Ed.2d 682 (1993); *Giles v. Ireland,* 742 F.2d 1366, 1372 (11th Cir.1984). We review the court's rulings on motions for summary judgment *de novo. Menuel v. City of Atlanta,* 25 F.3d 990 (11th Cir.1994).

---

[3]Heaven defined the class she sought to represent as:

> all persons who satisfy the following criteria: (a) They signed a lease [with SunTrust] prepared using the same printed form [that Heaven used]; (b) The total payments on the lease were less than $25,000; (c) The lease was for more than four months; (d) The lease is marked as a consumer purpose lease; and (e) The leases were outstanding within one year prior to the filing of this action.

[4]The court granted Heaven's motion for summary judgment on the claim that SunTrust failed to disclose express warranties. The court granted SunTrust's motion for summary judgment on the claims that SunTrust failed to disclose early termination penalties, the right to independent appraisal, and the proper lease charge calculation.

Applying these standards, we affirm the district court's order denying Heaven's motion for class certification for the reasons set forth below. We find no fault with the court's rulings on the parties' cross motions for summary judgment and affirm those rulings without further discussion. 11th Cir.R. 36-1.[5]

Discussion

An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met. The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action. *Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir.1984); *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir.1981).

The district court ruled that Heaven had established the four prerequisites of Rule 23(a). We see no need to revisit that aspect of the court's ruling. The district court concluded Heaven had not established that her action met the requirements of subdivision (b)(3)[6].

---

[5]11th Cir.R. 36-1 provides:

When the court determines that any of the following circumstances exist:

> (a) judgment of the district court is based on findings of fact that are not clearly erroneous;
>
> (b) the evidence in support of a jury verdict is sufficient;
>
> (c) the order of an administrative agency is supported by substantial evidence on the record as a whole;
>
> (d) summary judgment, directed verdict, or judgment on the pleading is supported by the record;
>
> (e) judgment has been entered without a reversible error of law;

and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.

[6]The pertinent parts of Rule 23(b) provide:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: ... (3) the court finds that the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient

The district court recognized that the question of appropriateness of class certification in this case was very close. We agree with that assessment. The court engaged in a lengthy and thoughtful analysis and determined that several factors taken together tipped the balance against certification.

First, the court determined that SunTrust's counterclaims were compulsory under Fed.R.Civ.P. 13(a). We agree that this conclusion is compelled by the case law of this circuit. *See Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357, 1363 (5th Cir.1979) (Holding that debt counterclaims are compulsory in Truth In Lending Act ("TILA") cases).

Heaven does not dispute that debt counterclaims are compulsory in TILA and CLA cases as a general matter. However, she contends that the presence of counterclaims cannot be a basis for denying class certification. Heaven apparently asserts that *Roper v. Consurve, Inc.,* 578 F.2d 1106 (5th Cir.1978), *aff'd,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) stands for the proposition that Fed.R.Civ.P. 13(a) has no application at all in class certification analysis. We do not believe that *Roper* states such a universal rule and we agree with the district court that *Roper* does not control the present case.

In *Roper,* the district court based its decision to deny class certification on the mere possibility that the defendant would assert counterclaims. The district court could not have known the nature of such counterclaims because none had been filed. The former Fifth Circuit held that denial of class certification based on speculation regarding the potential assertion of counterclaims was an abuse of discretion. *Roper,* 578 F.2d at 1116. In this case, the district court below engaged in no such speculation.

The court below considered the nature of SunTrust's counterclaims and determined that individual lessee counterclaim defendants would be compelled to come forward with individual defenses. This would require the court to engage in multiple separate factual determinations, a proper factor for consideration under Rule 23(b)(3)(D). The court also determined that the interests

---

adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; ... (D) the difficulties likely to be encountered in the management of a class action.

of some individual class members in controlling their own case would be compromised. Their exposure as counterclaim defendants could well exceed the amount they might recover for statutory penalties as class members. The statutory claims asserted by the class would be against the interests of these individual class members. This is a proper factor for consideration under Rule 23(b)(3)(A).

The district court also considered the option of subclassifying the proposed class. Under Fed.R.Civ.P. 23(c)(4), the district court retained the authority to subclassify the action to exclude counterclaim defendants from the plaintiff class or to create a second, separate class for counterclaim defendants. *Roper v. Consurve, Inc.,* 578 F.2d at 1116. The district court has no *sua sponte* obligation to subclassify; it is the plaintiff's burden to designate an appropriate class. *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 408, 100 S.Ct. 1202, 1215, 63 L.Ed.2d 479 (1980). Where the named plaintiff has no real opportunity to request certification of subclasses after his proposed class is rejected, an obligation arises for the district court to consider subclassification. *Geraghty,* 445 U.S. at 408, 100 S.Ct. at 1215.

Heaven did not seek subclassification in response to SunTrust's counterclaims. The district court *sua sponte* gave due consideration to the option of certifying subclasses. It declined to do so for two valid reasons. First, the court noted that redefinition of the class would involve fact finding difficulties similar to those associated with maintaining the class action. Second, the court said that the exclusion of counterclaim defendants would advance Heaven's interest in pursuing a class action (and the policies embodied in Rule 23) only by completely frustrating SunTrust's equally valid interest in litigating all the claims arising from one transaction together in a single forum (the policy embodied in Rule 13(a)).

Finally, the district court found it significant that Heaven alleged only technical violations of the CLA and that she conceded a complete lack of harm from the alleged disclosure violations. Whether the technical nature of violations argues in favor or against class certification is highly debatable. *See Watkins v. Simmons and Clark, Inc.,* 618 F.2d 398, 403-404 (6th Cir.1980) (Discussing persuasive arguments in favor of class certification in cases involving purely technical violations). We rule that it is not an abuse of discretion for the district court to engage in that debate

in the exercise of its discretion when determining the appropriateness of class certification. *Shroder v. Suburban Coastal Corp.,* 729 F.2d 1371, 1378 (11th Cir.1984). Heaven's argument to the contrary is forceful. However, we do not believe Congress intended, through 15 U.S.C. § 1640(a)(3), to limit the discretion granted to the federal courts in Rule 23(b)(3).

If this panel had faced the class certification issue in the first instance, we may well have found it appropriate to certify the class or to establish subclasses. However, where the district court has given due consideration to all the relevant factors within the context of a rigorous analysis and has not relied on impermissible factors, we are unable to find an abuse of discretion[7]. If, after such an evaluation, the district court is convinced that a class action is not superior to other available methods for the fair and efficient adjudication of the controversy, we cannot second guess that conclusion under the applicable standard of review.

On the record before us, we conclude that Heaven has not established that the district court abused its discretion in declining to certify the class she proposed.

Conclusion

AFFIRMED.

---

[7]We do not intend to suggest that compulsory counterclaims should preclude the maintenance of class actions in cases under the CLA as a general rule. We rule only that it is a proper exercise of discretion for the district court to evaluate the nature of the counterclaims and the difficulties they present and to consider the usefulness of breaking the proposed class into subclasses to avoid those difficulties.