870 So.2d 170 (2004)
AMERICA ONLINE, INC., Appellant,
v.
Robert PASIEKA, on behalf of himself and all others similarly situated, Appellee.
No. 1D03-2290.
District Court of Appeal of Florida, First District.
January 29, 2004.
Rehearing Denied March 31, 2004.
Edward M. Waller, Jr. and Hala Sandridge of Fowler White Boggs Banker P.A., Tampa, and Everett Johnson, Jr. and Michael J. Golden of Latham & Watkins, Washington, DC, for Appellant.
Christa L. Collins, Mark S. Fistos, and Amy K. Guinan of James, Hoyer, Newcomer & Smiljanich, P.A., Tallahassee, for Appellee.
ALLEN, J.
The appellant, America Online, challenges an order by which its motion to dismiss a class action lawsuit was denied. In seeking dismissal, the appellant maintained that a forum selection clause in its Member Agreement contract requires that this lawsuit be brought in Virginia. However, the court properly declined to give such effect to this provision in the circumstances here, which include claims under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and the Florida Free Gift Advertising Law (FFGAL).
This class action lawsuit was filed by the appellee on behalf of consumers who subscribed to the appellant's online services. The complaint contains allegations detailing the appellee's difficulty in cancelling such services, and the appellant's continued billing for the services after cancellation. In addition, the complaint describes methods employed by the appellant with regard to subscription efforts and customer retention procedures, with particular allegations as to deceptive and unfair acts or practices. Claims were made in two counts, one under the FDUTPA at section 501.204, Florida Statutes, and the other under the FFGAL at section 817.415, Florida *171 Statutes, with the appellee seeking damages as well as declaratory and injunctive relief.
The appellant moved to dismiss the action for improper venue, relying on a clause in the Member Agreement which provided for exclusive jurisdiction in the courts of Virginia as to "any claim or dispute with AOL or relating in any way to... membership or ... use of AOL...." In denying the motion and declining to give effect to this clause, the trial court deemed the decision in Management Computer Controls v. Charles Perry Const., 743 So.2d 627 (Fla. 1st DCA 1999), to be controlling authority. Like the present case, Management Computer involved a forum selection clause in a contractual agreement, which provided that any legal action arising out of the agreement could only be maintained in another state. Management Computer also involved a FDUTPA claim (together with various other claims), and this court ruled that the FDUTPA claim was not subject to the forum selection clause, as that would undermine the effectiveness and purpose of the statute.
Management Computer was followed in Contractor's Management Systems of NH v. Acree Air Conditioning, 799 So.2d 320 (Fla. 2d DCA 2001), which likewise refused to apply a forum selection clause to a FDUTPA claim. But in World Vacation Travel, S.A., de C.V. v. Brooker, 799 So.2d 410 (Fla. 3d DCA 2001), rev. denied, 821 So.2d 292 (Fla.2002), the third district distinguished Management Computer as a case involving a FDUTPA claim which did not arise out of the parties' contract, and which was severable from the other claims. Management Computer was also distinguished on this basis in SAI Ins. Agency v. Applied Systems, 858 So.2d 401 (Fla. 1st DCA 2003), with both World Vacation and SAI giving effect to a forum selection clause in connection with FDUTPA claims. Like the present case, the clause in SAI provided for exclusive jurisdiction in another state for any claim between the parties. But SAI did not involve a class action, or the unavailability of the Florida remedy in another state. And while the SAI opinion explains that Management Computer did not establish an absolute rule against enforcing forum selection clauses in connection with FDUTPA claims, SAI does not abrogate the policy concerns recognized in Management Computer which militate against enforcement of the clause here.
Various other courts have declined to enforce this same forum selection clause in these circumstances, involving class action lawsuits under consumer protection statutes. Such courts have refused to give effect to the clause where a similar action and comparable remedy could not be pursued in the foreign state. See, e.g., Miles v. America Online, 202 F.R.D. 297 (M.D.Fla.2001); America Online v. Superior Court, 90 Cal.App.4th 1, 108 Cal.Rptr.2d 699 (2001). The California court in America Online noted that the Virginia statutes did not permit a comparable remedy to that which might be obtained in California. And the court placed even greater significance on the fact that Virginia did not permit such a claim to be pursued as a class action. The federal court in Miles also focused on this circumstance in declining to enforce the forum selection clause. These cases emphasize the necessity of allowing such actions to proceed without compelling them to be brought in Virginia, given the small monetary amounts typically involved. As the court noted in Miles, while permitting a FDUTPA class action to remain in Florida, most of the individual plaintiffs likely would not pursue their claims in Virginia. And as indicated in Management Computer, the FDUTPA does not exist solely for *172 the benefit of the individual parties, and is instead designed to afford a broader protection to the citizens of Florida.
As in Management Computer, the purpose and effectiveness of the FDUTPA would be seriously undermined if the claims here were required to be brought in Virginia. Similar concerns pertain with regard to the FFGAL, which likewise appears to be designed for the general protection of this state's citizens from deceptive and unfair trade practices. The trial court thus correctly found Management Computer to be controlling authority and properly denied the appellant's motion to dismiss. The appealed order is therefore affirmed.
BARFIELD and DAVIS, JJ., concur.