Lenworth **BAILEY**, as the Personal Representative of the Estate of Lemar Bailey, individually and on behalf of himself and all others similarly situated, Plaintiff,

v.

**ROCKY MOUNTAIN HOLDINGS, LLC,** and Air Methods Corporation, Defendants.

**CASE NO. 13–62447–CIV–ZLOCH**

United States District Court, S.D. Florida.

Signed August 10, 2015

Bruce Franklin Silver, Silver & Silver, P.A., David K. Friedman, Seth Adam Kolton, Sylvia L. Wenger, William John Cornwell, Weiss Handler Angelos & Cornwell PA, Boca Raton, FL, for Plaintiff.

Philip E. Rothschild, Holland & Knight, Fort Lauderdale, FL, for Defendants.

### ORDER

WILLIAM J. ZLOCH, United States District Judge

THIS MATTER is before the Court upon Plaintiff's Motion For Class Certification (DE 23). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

On November 7, 2013, Defendants Rocky Mountain Holdings, LLC (hereinafter "Defendant RMH"), and Air Methods Corporation (hereinafter "Defendant AMC") removed the above-styled cause to this Court from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. See DE 1. Defendants are air ambulance operators that provide emergency transportation and treatment to accident victims in various counties in the State of Florida. Mr. Lemar Bailey, now deceased, was transported by Defendants after a car accident in Martin County, Florida. After billing Mr. Bailey's automobile insurer, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") and, subsequently, his health insurer, Aenta, for Defendants' services, Defendants sought the remaining balance from the Estate of Lemar Bailey. By the Amended Class Action Complaint (DE 1–2) (hereinafter "the Complaint"), Plaintiff Lenworth Bailey, as Personal Representative of the Estate of Lemar Bailey, individually and on behalf of himself and all others similarly situated (hereinafter "Plaintiff") seeks a declaratory judgment that Defendants' billing practices violate the Florida Personal Injury Protection Statute, Fla. Stat. § 627.735, et seq., (hereinafter "PIP") (Count I) and that Defendants' actions violate Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"), Fla. Stat. § 501.201, et seq. (Count II). Additionally, Plaintiff seeks damages for Defendants' alleged violations of FDUTPA (Count III). Plaintiff alleges violations of the Florida Consumer Collection And Practices Act, Fla. Stat. § 559.72, et seq., (hereinafter "FCCPA") (Count IV) and unjust enrichment (Count V).

By the instant Motion (DE 23), Plaintiff maintains that the Proposed Classes meet the requirements of Federal Rule of Civil Procedure 23(a) and asks the Court to certify the above-styled cause as a nation-wide class action under Federal Rule of Civil Procedure 23(b)(2) or (b)(3). The first class proposed by Plaintiff relates to his PIP claims and the second proposed class relates to Plaintiff's FCCPA claims, generally, defined by Plaintiff as follows:

*Class I:* For the period from March 13, 2009, through the date of entry of the judgment herein, all patients or their legal representatives that RMH or AMC billed for amounts in excess of that authorized under Florida Motor Vehicle No–Fault Law.

*Class II:* For the period from March 13, 2011, through the date of the entry of judgment herein, all patients or their legal representatives against whom RMH or AMC sought, in violation of FCCPA, to enforce a debt.

DE 23. The Court notes the instant Motion (DE 23) does not specifically delineate if either of the Proposed Classes relate to more than one count in Plaintiff's five-count Complaint (DE 1–2).

In its Response (DE 26), Defendants argue that (1) identifying the members of the Proposed Classes would require the pretrial resolution of individual issues, (2) Plaintiff has not established numerosity for either Pro-

posed Class, (3) Commonality and typicality are lacking because of the diverse insurance plans and billing circumstances of the putative class members, (4) Plaintiff is not an adequate class representative, (5) Rule 23(b)(2) cannot be satisfied because certification would require individualized, fact-based determinations, and (6) Plaintiff cannot satisfy the Rule 23(b)(3) requirements of predominance, superiority, and manageability.[1]

## I. *Legal Standard*

■ As a general proposition, a district court has broad discretion in deciding whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir.1992). A plaintiff seeking certification of a class "bears the burden of satisfying all implicit and explicit requirements of Federal Rule of Civil Procedure 23." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 Fed.Appx. 782, 787 (11th Cir.2014). In order to obtain class certification, a plaintiff must demonstrate that the claim meets each of the requirements specified in Fed. R. Civ. P. 23(a), and at least one of the subsections of Fed. R. Civ. P. 23(b).

■ A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir.1984). Although a district court is not charged with determining the merits of a case at the certification stage, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at 1570 n. 11 (*quoting Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). As such, a court "may look beyond the allegations of the complaint in determining whether a motion for class certification should be granted." *Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 577 (M.D.Fla.2006). Therefore, "before a district court determines the efficacy of class certification, it may be required to make an informed assessment of the parties' evidence."

*Cooper v. S. Co.*, 390 F.3d 695, 712 (11th Cir.2004).

■ Parties seeking certification of a class action must satisfy the four requirements of Rule 23(a), commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Specifically, the four requirements of Rule 23(a) are as follows:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

■ Fed. R. Civ. P. 23(a). In addition, courts have found that Fed. R. Civ. P. 23(a) contains an implicit requirement that the proposed class is "adequately defined and clearly ascertainable." *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1303–04 (11th Cir. 2012). Even if the plaintiffs satisfy the aforementioned requirements of Rule 23(a), they must also satisfy one of the three subsections of Rule 23(b). *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir.1997). If the party seeking class certification fails to demonstrate any single requirement, then the case may not continue as a class action. *Jones v. Roy*, 202 F.R.D. 658, 662 (M.D.Ala. 2001).

## II. *Analysis*

■ Under Florida's PIP law, all motor vehicle owners must carry personal injury insurance. In the event an automobile accident, an insurer may limit reimbursement for emergency medical care providers, including air ambulance carriers such as Defendants, according to a statutory schedule,

---

1. To the extent Defendants' Response (DE 26) raises a preemption argument, the Court will not address said argument in the instant Order. The Court notes that reaching the merits of Plaintiff's underlying claims is not appropriate at the class certification phase. *See Garcia v. Gloor*, 618 F.2d 264 (5th Cir.1980)("The question of class certification is a procedural one, distinct from the merits of the action.").

set forth in Fla. Stat. § 627.736(5)(a). Plaintiff maintains that Defendants have engaged in a practice of receiving the PIP statutory maximum for medical services rendered from patient's insurance companies but then still seeking any remaining balance from the patient, in violation of Fla. Stat. § 627.736(5)(a)(4).[2] In addition, Plaintiff maintains said practices violate the FDUTPA and the FCCPA and constitute unjust enrichment essentially because Defendants are attempting to collect a "debt" from patients to which they have no legal entitlement.

As noted, *supra*, any party seeking class certification must meet all four requirements of Rule 23(a) as well as one of the three subsections of Rule 23(b). Plaintiff seeks certification of both Proposed Classes under either Rule 23(b)(2) or Rule 23(b)(3). Assuming, *arguendo*, that the Proposed Classes meet all 23(a) requirements, the Court will address each type of Rule 23(b) certification in turn as applied to the two Proposed Classes.

a. *Rule 23(b)(2)*

 Under Rule 23(b)(2), "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Although monetary relief may be obtained in a Rule 23(b)(2) class action, the predominate relief sought must be injunctive or declaratory. *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir.2001). In other words, monetary relief must be "*incidental* to requested injunctive or declaratory relief." *Id.* (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir.1998)). Whether monetary damages are incidental to a party's requested equitable relief is determined by "whether such damages flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief." *Allison*, 151 F.3d at 414. "Liability for incidental damages

should not ... entail complex individualized determinations. Thus, incidental damages will, by definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions." *Id.*

 Proposed Class I seeks to include all patients or their legal representatives that Defendants billed for amounts in excess of that authorized under PIP. The Court notes that Plaintiff does not propose a class consisting of any specific auto insurance provider, locality, or amount of co-pay or insurance coverage limit, for example. The amount of monetary damages to which each member of Class I is entitled will require an individualized determination, based on the terms of each class member's insurance policy and individual exhaustion of benefits, as patient's policy terms and potential damages will vary. As to the proposed Class II, such an individualized determination will also be required in order to determine the amount of damages, if any, that follow from Defendant's collection of a debt or if said collection even violated the FCCPA, based on the individual's insurance policy and status of benefits. The Court finds that the monetary relief sought by Plaintiff's Rule 23(b)(2) class action is not incidental to any injunctive or declaratory relief. Accordingly, the Court finds that class certification for the Proposed Classes is not appropriate under Rule 23(b)(2).

b. *Rule 23(b)(3)*

 Certification pursuant to Rule 23(b)(3) requires "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy[.]" "A question is deemed 'common' 'when there exists generalized evidence that proves or disproves the element on a simultaneous, class-wide basis.' " *Dahlgren's Nursery, Inc. V. E.I. du Pont de Nemours and Co., Inc.*,

---

**2.** Fla. State § 627.736(5)(a)(4) provides as follows:

If an insurer limits payment as authorized by subparagraph 1., the person providing such services, supplies, or care may not bill or attempt to collect from the insured any amount in excess of such limits, except for amounts that are not covered by the insured's personal injury protection coverage due to the coinsurance amount or maximum policy limits.

No. 91–8709–CIV, 1994 WL 1251231, at *9 (S.D.Fla. Oct. 30, 1994) (citations omitted). As to the predominance requirement, the Court notes it "is far more demanding than Rule 23(a)'s commonality requirement." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir.1997). Thus, the Court must analyze "whether individuals questions in this case 'are so overwhelming as to destroy the utility of a class action.'" *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 652 (S.D.Fla. Feb. 10, 2010) (*citing Dahlgren's Nursery, Inc.*, 1994 WL 121531, at *9 (S.D.Fla. Oct. 30, 1994)).

■■■ The Court notes Defendants are not *per se* prohibited from billing patients after billing their auto insurance provider. As stated by Plaintiff, "If an auto insurer limits recovery pursuant to the PIP Statute and pays any portion of such limited amount, but does not pay the entire amount due to exhaustion of PIP benefits, then a creditor may properly seek the unpaid balance of the limited amount from a patient's secondary insurer or the patient." DE 23, n.1. Thus, determining the members of the Class I requires an analysis of each proposed, individual member's policy limits, Medicare rates for the relevant locality, whether the PIP benefits were exhausted under the individual's policy at the time of payment of the relevant claim, and the amount billed in excess of the PIP statutory limits, if any. Therefore, the Court finds that individual issues—specifically, *inter alia*, whether the class member was billed in violation of the relevant statute based on their individualize policy and claim—are simply predominant in this Proposed Class and, therefore, it cannot proceed as a Rule 23(b)(3) class action.

Plaintiff's Proposed Class II—all patients or their legal representatives against whom Defendants sought, in violation of FCCPA, to enforce a debt—suffers the same flaw of individualization as Proposed Class I. Seeking payment of a legitimate debt does not violate the FCCPA; rather, to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate." Fla. Stat. § 559.72(9). Thus, to ascertain the members of Proposed Class II, the same or substantially similar individual-

ized analysis will be required to determine whether the debt sought from patients was valid under the patients' policy and amount of PIP exhaustion. Accordingly, Proposed Class II cannot proceed as a Rule 23(b)(3) class action due to the individualized analysis required to identify class members. As such, Plaintiff's Motion To Certify Class (DE 49) will be denied.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Class Certification (DE 23) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of August, 2015.